UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ISAAC ROMERO and ANA ROMERO,

                                        Plaintiffs,

    -against-

THE CITY OF NEW YORK; EMILY WERFEL; and
JOHN and JANE DOE 1 through 10, individually and
in their official capacities (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),


                                       Defendants.
---------------------------------------------------------------------X

***COMPLAINT AND
JURY DEMAND***

ECF CASE

Docket No.
1:16-cv-1109

      Plaintiff's Isaac Romero and Ana Romero, by their attorney Cary London, Esq. of

London Indusi LLP, for their complaint against the above Defendants alleges as follows:

## PRELIMINARY STATEMENT

      1. This is a civil rights action in which Plaintiffs seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments, in addition to violations of the Laws of the State of New York.

      2. The claim arises from a May 23, 2015 incident in which defendants, acting under color

of state law, unlawfully detained and arrested Plaintiffs without probable cause. Defendants

handcuffed, pushed, tackled, punched and tasered Plaintiff Isaac Romero for no reason, and then

placed him under arrest. Defendants elbowed and pushed Plaintiff Ana Romero for no reason. As

a result of this unlawful conduct, and assault, both Plaintiffs suffered physical injury and pain and

suffering as well as a loss of liberty. Plaintiff Isaac Romero was deprived of liberty for

approximately 24 hours, and Plaintiff Ana Romero was deprived of liberty for approximately 30

minutes. At arraignments, Plaintiff Isaac Romero reluctantly accepted an Adjournment in

Contemplation of Dismissal, and admitted no wrongdoing.

3. Plaintiffs seek monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Isaac Romero ("Mr. Romero") resided at all times in Jersey City, New Jersey.

8. Plaintiff Ana Romero ("Ms. Romero") resided at all times in Jersey City, New Jersey.

9. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

10. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

2

11. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12. Defendant Emily Werfel ("Werfel") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Werfel was, at the time relevant herein, a Police Officer under Tax ID # 952449 in the 115th Precinct. Defendant Werfel is sued in her individual capacity.

13. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

17. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

18. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

3

## FACTUAL CHARGES

19. On May 23, 2015, at approximately 4:00 p.m., Mr. Isaac Romero took the train from New Jersey to see his mother, Ms. Ana Romero, in Queens, New York.

20. At approximately 6:00 pm, Mr. Romero arrived at his Mother's apartment located at 40-28 82nd Street in Queens, New York.

21. Plaintiffs were not violating any laws or local ordinances.

22. Plaintiff Mr. Romero walked up the steps to his mothers apartment and entered the apartment.

23. Approximately 2 minutes later, Defendants, including Defendant Werfel and presently unidentified Defendants, entered Ms. Romero's apartment without permission or authority.

24. Plaintiffs did not give Defendants permission to enter their apartment.

25. The defendants had their guns drawn and pointed at Plaintiff Mr. Romero.

26. Plaintiff Mr. Romero put his hands in the air and stated, "Don't Shoot."

27. At no point did the Defendants observe Plaintiffs commit any crime or offense.

28. Defendants then stated, "Put your hands behind your back."

29. Plaintiff Mr. Romero, scared and terrified, complied and put his hands behind his back.

30. Defendants, including Defendant Werfel and presently unidentified Defendants, unlawfully grabbed and handcuffed Mr. Romero.

31. Defendants, including Defendant Werfel and presently unidentified Defendants, punched Mr. Romero in the face multiple times, causing pain and injury to his face and cheeks.

32. Defendants, including Defendant Werfel and presently unidentified Defendants, threw Mr. Romero onto the floor, while handcuffed.

33. Defendants, including Defendant Werfel and presently unidentified Defendants, tasered

4

Mr. Romero on his chest while he was on the ground and handcuffed, causing bleeding and a permanent scar on his chest.

34. Defendants had no probable cause or reasonable suspicion to arrest or detain Mr. Romero.

35. Mr. Romero did not resist arrest.

36. While Defendants were punching Mr. Romero, Ms. Romero screamed, "Why are you arresting him?"

37. Defendants, including Defendant Werfel and presently unidentified Defendants, elbowed Ms. Romero in the face, causing her lip to bleed.

38. Ms. Romero then yelled, "Please don't treat him like a criminal."

39. Defendants, including Defendant Werfel and presently unidentified Defendants, grabbed Ms. Romero and threw her into the hallway.

40. When the defendants threw Ms. Romero in the hallway, they stepped on her ankle, causing injury to her ankle.

41. Defendants, including Defendant Werfel and presently unidentified Defendants, kept Ms. Romero in the hallway of her apartment for approximately 30 minutes, refusing to let her back into her apartment.

42. Defendants, including Defendant Werfel and presently unidentified Defendants, searched Plaintiffs and no contraband or anything of illegality was found on their persons.

43. Defendants then searched Plaintiffs apartment, and no contraband or anything of illegality was found in the apartment.

44. The Defendants did not have a search warrant to enter the apartment.

45. Plaintiffs did not consent to allow Defendants to enter the apartment.

5

46. Mr. Romero was transferred to the precinct.

47. Ms. Romero inquired as to why her son, Mr. Romero, was being arrested.

48. Defendants refused to tell Plaintiffs why they were being arrested.

49. After some time, Plaintiff Mr. Romero was transported to central booking to await arraignment.

50. While Plaintiff was in central booking, Defendants, including Defendant Werfel, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for the sole charge of Resisting Arrest.

51. At arraignments, Plaintiff Mr. Romero reluctantly accepted an Adjournment in Contemplation of Dismissal, an admitted no wrong doing.

52. Plaintiffs spent approximately 24 hours unlawfully detained in police custody.

53. After Mr. Romero was released from custody, he went to Elmhurst Hospital Emergency Center the hospital for treatment for his injuries.

54. After Mr. Romero was released from custody, Ms. Romero went to Elmhurst Hospital Emergency Center and dentist for treatment for her injuries.

55. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiffs.

56. At all times relevant hereto, Defendants were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

57. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered the following injuries and damages: a violation of their rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, physical injury,

physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

58. The above paragraphs are here incorporated by reference as though fully set forth.

59. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

60. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

61. The above paragraphs are here incorporated by reference as though fully set forth.

62. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiffs.

63. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiffs was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

64. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiffs.

65. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**

False Arrest and False Imprisonment Under
New York State Law Against All Defendants

66. The above paragraphs are here incorporated by reference as though fully set forth.

67. Defendants subjected Plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

68. Plaintiffs were conscious of their confinement.

69. Plaintiffs did not consent to their confinement.

70. Plaintiffs arrest and false imprisonment were not otherwise privileged.

71. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

73. The above paragraphs are here incorporated by reference as though fully set forth.

74. The individual Defendants created false evidence against Plaintiff Mr. Romero, to wit, sworn documents and testimony alleging Mr. Romero committed unlawful acts described above.

75. The individual Defendants forwarded false evidence to prosecutors in the Queen's County District Attorney's office.

76. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff Mr. Romero's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

8

77. As a direct and proximate result of this unlawful conduct, Plaintiff Mr. Romero sustained the damages hereinbefore alleged.


**FIFTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

78. The above paragraphs are here incorporated by reference as though fully set forth.

79. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiffs.

80. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiffs without consent.

81. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.


**SIXTH CAUSE OF ACTION**
Assault and Battery Under
New York State Law Against All Defendants

82. The above paragraphs are here incorporated by reference as though fully set forth.

83. The individual defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

84. The individual defendants engaged in and subjected plaintiffs to immediate harmful and/or offensive touching and battered them without his consent.

85. The individual Defendants used excessive and unnecessary force with plaintiffs.

86. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

9

87. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**SEVENTH CAUSE OF ACTION**
Negligent Hiring/Training/Retention Under
New York State Law Against the City of New York

88. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

89. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

90. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

91. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

92. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

93. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**EIGTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

94. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

95. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a

10

duty to intervene and prevent such conduct, and failed to intervene.

96. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

97. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)   Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiffs compensatory damages in an amount to be determined by a jury;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiffs demand a trial by jury.

Dated: March 6, 2016
Brooklyn New York

Respectfully submitted,

_____/s/ Cary London, Esq._____
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Romero & Ms. Romero
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax

11

Cary@LondonIndusi.com